UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD POLK,

 Plaintiff,

v.

EXPERIAN and
TRANSUNION,

 Defendants.

_____/

CASE NO. 03-CV-10282-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT EXPERIAN'S MOTION TO DISMISS**
(Dkt. 30)

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Experian's Motion to Dismiss be **GRANTED**.

**II. REPORT**

 **A. Introduction**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on November 26, 2003. (Dkt. 5.) Pending is the above-entitled motion filed April 21, 2005. Plaintiff has filed no response within the time limit set forth in a Notice Requesting Response filed April 25, 2005. Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.     Procedural History**

Plaintiff[1] filed his *pro se* complaint on November 14, 2003, alleging that Defendant Experian and two others violated provisions of the Fair Credit Reporting Act by posting erroneous notations in Plaintiff's credit report relating to his credit history and bankruptcy filings. Plaintiff alleged that as a result of these inaccuracies, he was assessed "an extremely high interest rate for a car loan" and was denied a mortgage. Plaintiff's complaint concludes with a request that Defendants "be forever barred from listing inaccurate, incomplete or improperly investigated items upon the plaintiff [sic] credit report . . . and to provide the plaintiff with the way the investigation was conducted and who conducted it[.]" (Compl., Dkt. 1.)

Approximately one month after filing the complaint, Plaintiff requested that the Clerk enter default as to all three defendants. (Dkts. 7, 9, 11.) The Clerk granted Plaintiff's request and entered defaults. (Dkts. 8, 10, 12.) Thereafter, Plaintiff filed a motion for default judgment as to all three defendants. (Dkt. 13.) In a Report and Recommendation issued January 6, 2004, I suggested the denial of Plaintiff's motion, as in fact he had never fully complied with the service of process requirements set forth in the Federal Rules of Civil Procedure. (Dkt. 17.) Plaintiff filed no objections to that recommendation, and it was adopted on January 27, 2004. (Dkt. 20.)

In mid-May 2004, I issued an order to show cause as to why Defendant Equifax should not be dismissed. (Dkt. 22.) Plaintiff filed no response, and on June 23, 2004, I issued a Report and Recommendation recommending the *sua sponte* dismissal of Defendant Equifax as Plaintiff had never properly served this Defendant. (Dkt. 23.) Plaintiff filed no objections to that recommendation, and it was adopted by Judge Lawson. (Dkt. 24.)

---

[1] Plaintiff has two other cases pending in this Court: 04-CV-10368-BC and 05-CV-10134-BC.

In early January 2005, I issued an order setting the initial status conference required by Rule 16 of the Federal Rules of Civil Procedure. That conference was first scheduled for March 8, 2005. (Dkt. 25.) Shortly before that date, a member of Plaintiff's family contacted this office stating that Plaintiff would be unable to attend the conference and requesting that the date be rescheduled. The date was rescheduled, and a notice was mailed to all parties. At Plaintiff's request, the conference was rescheduled a second time, and a new notice was sent to all parties. Plaintiff never appeared on the second rescheduled date, even though the date was rescheduled at his request. As a result, the conference went forward in Plaintiff's absence, and a request by both remaining defendants to file dispositive motions was granted. The instant motion followed.

**C.     Discussion**

Defendant Experian moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This rule provides for dismissal for failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)).

Experian argues that dismissal is appropriate as Plaintiff has failed to comply with the pleading requirements set forth in the Federal Rules of Civil Procedure. Rule 8(a) provides in pertinent part:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short

>and plain statement of the claims showing that the pleader is entitled to relief, and
>(3) a demand for judgment for the relief the pleader seeks.

Defendant Experian argues that Plaintiff's complaint is essentially incomprehensible and fails to inform this Defendant of what it has done to merit any relief on the part of Plaintiff.

Plaintiff is proceeding in this case *pro se*. *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Indeed, a *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984).

After review of the Plaintiff's complaint under these standards, I suggest that Defendant Experian's arguments have merit. All of the allegations set forth in Plaintiff's complaint include the three defendants. It is impossible to discern from Plaintiff's allegations which defendant undertook what action at any given time. I am therefore entirely unable to discern exactly what it is said that this Defendant has done to harm Plaintiff. As a result, I suggest that the dismissal requested by Defendant Experian is appropriate, as Plaintiff has failed to comply with the pleading requirements set forth in Rule 8.

I further suggest that dismissal for want of prosecution pursuant to Rule 41 is also appropriate and serves as an alternative basis supporting the dismissal of Plaintiff's complaint. Since the initial filing of Plaintiff's motion for default judgment in December 2003, he has taken no action to bring forward his claims. He filed no objections to my Report and Recommendation suggesting denial of his motion for default judgment. He filed no response to my Order to Show

Cause relating to Defendant Equifax, nor to the Report and Recommendation relating to that Defendant. Although the Rule 16 conference was twice rescheduled at Plaintiff's oral request, Plaintiff never appeared at the conference, nor has he responded to either the instant motion, or to one filed by the other remaining Defendant. I therefore alternatively suggest that dismissal for want of prosecution is appropriate.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                   s/ *Charles E. Binder*
                                              CHARLES E. BINDER
Dated: June 9, 2005                     United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Sidney L. Frank, Tamara Fraser, Christopher T. Lane and Nathaniel H. Simpson, and served in the traditional manner on Ronald Polk and Honorable David M. Lawson.

Dated: June 9, 2005                         By      s/Mary E. Dobbick
                                                          Secretary to Magistrate Judge Binder