UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD POLK,

    Plaintiff,                                  CASE NO. 03-CV-10282-BC

v.                                            DISTRICT JUDGE DAVID M. LAWSON
                                                  MAGISTRATE JUDGE CHARLES BINDER

EXPERIAN and
TRANSUNION,

    Defendants.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT TRANSUNION'S MOTION FOR SUMMARY JUDGMENT**
(Dkt. 32)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Transunion's Motion for Summary Judgment be **GRANTED**.

**II.    REPORT**

    **A.    Introduction**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on November 26, 2003. (Dkt. 5.) Pending is the above-entitled motion filed April 27, 2005. Plaintiff has filed no response within the deadlines set forth in this Court's Local Rules. Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.     Procedural History**

Plaintiff[1] filed his *pro se* complaint on November 14, 2003, alleging that Defendant Transunion and two other defendants violated provisions of the Fair Credit Reporting Act by posting erroneous notations in Plaintiff's credit report relating to his credit history and bankruptcy filings. Plaintiff alleged that as a result of these inaccuracies, he was assessed "an extremely high interest rate for a car loan" and was denied a mortgage. Plaintiff's complaint concludes with a request that Defendants "be forever barred from listing inaccurate, incomplete or improperly investigated items upon the plaintiff [sic] credit report . . . and to provide the plaintiff with the way the investigation was conducted and who conducted it[.]" (Compl., Dkt. 1.)

Approximately one month after filing the complaint, Plaintiff requested that the Clerk enter default as to all three defendants. (Dkts. 7, 9, 11.) The Clerk granted Plaintiff's request and entered defaults. (Dkts. 8, 10, 12.) Thereafter, Plaintiff filed a motion for default judgment as to all defendants. (Dkt. 13.) In a Report and Recommendation issued January 6, 2004, I suggested the denial of Plaintiff's motion, as in fact he had never fully complied with the service of process requirements set forth in the Federal Rules of Civil Procedure. (Dkt. 17.) Plaintiff filed no objections to that recommendation, and it was adopted on January 27, 2004. (Dkt. 20.)

In mid-May 2004, I issued an order to show cause as to why Defendant Equifax should not be dismissed. (Dkt. 22.) Plaintiff filed no response, and on June 23, 2004, I issued a Report and Recommendation recommending the *sua sponte* dismissal of Defendant Equifax as Plaintiff had never properly served this Defendant. (Dkt. 23.) Plaintiff filed no objections to that recommendation, and it was adopted by Judge Lawson. (Dkt. 24.)

---

[1] Plaintiff has two other cases pending in this Court: 04-CV-10368-BC and 05-CV-10134-BC

In early January 2005, I issued an order setting the initial status conference required by Rule 16 of the Federal Rules of Civil Procedure. That conference was first scheduled for March 8, 2005. (Dkt. 25.) Shortly before that date, a member of Plaintiff's family contacted this office stating that Plaintiff would be unable to attend the conference and requesting that the date be rescheduled. The date was rescheduled, and a notice was mailed to all parties. At Plaintiff's request, the conference was rescheduled a second time, and a new notice was sent to all parties. Plaintiff never appeared on the second rescheduled date, even though the date was rescheduled at his request. As a result, the conference went forward in Plaintiff's absence, and a request by both remaining defendants to file dispositive motions was granted. The instant motion followed.

**C.     Governing Law**

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos*., 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**D.     Analysis and Conclusions**

Under these standards, I suggest that the entry of summary judgment in favor of Transunion is appropriate. Plaintiff has entirely failed to meet its burden of coming forward with any "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 574, 587. I further suggest that Defendant's arguments that Plaintiff failed to follow the procedures set forth in 15

U.S.C. § 1681(b), and has failed to meet the burden of proof set forth in 15 U.S.C. § 1681(e)(b), have merit. *Morris v. Credit Union of Cincinnati, Inc.*, 563 F. Supp. 962, 967 (S.D. Oh. 1983); *Filbin v. Transunion, Corp.*, 101 F.3d 957, 963 (3d Cir. 1996).

I further suggest that dismissal for want of prosecution pursuant to Rule 41 is also appropriate and serves as an alternative basis supporting the dismissal of Plaintiff's complaint. Since the initial filing of Plaintiff's motion for default judgment in December 2003, he has taken no action to bring forward his complaint. He filed no objections to my Report and Recommendation suggesting denial of his motion for default judgment. He filed no response to my Order to Show Cause relating to Defendant Equifax, nor to the Report and Recommendation relating to Defendant Equifax. Although the Rule 16 conference was twice rescheduled at Plaintiff's oral request, Plaintiff never appeared at the conference, nor has he responded to the motions filed by defendants subsequent to the conference. I therefore alternatively suggest that dismissal for want of prosecution is appropriate.

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
| Dated: June 9, 2005 | s/ *Charles E. Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Sidney L. Frank, Tamara Fraser, Christopher T. Lane and Nathaniel H. Simpson, and served in the traditional manner on Ronald Polk and Honorable David M. Lawson.

|  |  |
|---|---|
| Dated:  June 9, 2005 | By     s/Mary E. Dobbick<br>Secretary to Magistrate Judge Binder |